UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY PAGE,<br><br>        Plaintiff,<br><br>    v.<br><br>MARK BROBERG,<br><br>        Defendant. | Case No. 22-cv-06194-JSW<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 14 |

Now before the Court for consideration is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) filed by Defendant Mark Broberg ("Broberg" or "Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for January 13, 2023. For the following reasons, the Court DENIES the motion to dismiss.

**BACKGROUND**

In February 2019, Plaintiff Sally Page ("Page") attended a two and a half day in-person training seminar on investing options in San Jose, California provided by Interactive Trader[1] and taught by Defendant Broberg. (Compl. ¶¶ 10-11.) Page alleges that Broberg presented himself as an expert in investing and advised his students about favorable investments. (*Id.* ¶ 12.) After the seminar, Broberg corresponded by email with his California seminar students and continued to provide investment advice. (*Id.* ¶ 13; *see id.*, Exs. 3-4.)

Page developed a relationship of trust and confidence with Broberg regarding investment

---

[1] Plaintiff originally named Response Marketing Group LLC d/b/a Interactive Trader as a defendant in this action but has since voluntarily dismissed it. (*See* Dkt. No. 7.)

advice, and on May 7, 2020, Broberg emailed Page recommending she invest in a precious metals investment program with Treasure Coast Bullion Group ("Treasure Coast") with the potential for high returns. (*Id.* ¶ 15; *id.*, Ex. 4.) Broberg sent Page other emails and texts regarding silver and the leveraged precious metals program. (Dkt. No. 17-2, Declaration of Sally Page ("Page Decl.") ¶¶ 5-6; *id.*, Exs. 1-3.) Page alleges Broberg told her he personally vetted Treasure Coast and was certain it was a safe investment opportunity. (*Id.* ¶ 19.)

Page alleges that Broberg failed to disclose that Treasure Coast representatives had been fined or sanctioned for "boiler room-type schemes." (*Id.* ¶ 19.) Pages alleges that Broberg failed to disclose that he would receive a payment for referring her to Treasure Coast. (*Id.* ¶ 29.) Plaintiff also alleges that Broberg failed to disclose and omitted the material risks of the investment despite knowing that the representations about the investment were false. (*Id.* ¶¶ 33-38.)

Based on Broberg's expertise, his recommendation, and the relationship of trust the two shared, Page decided to pursue the investment and contacted Broberg's broker, Matthew Kehoe at Treasure Coast to invest. (*Id.* ¶ 21.) In May 2020, Page invested her retirement funds, in excess of $ 3 million, in Treasure Coast's precious metals program. (*Id.* ¶ 39.) Page liquidated her Treasure Coast account in May 2022. (*Id.* ¶ 40.) Although the price of silver increased, Page lost $2.7 million in markups, fees, interests, and commissions and liquidated for about $400,000.00. (*Id.* ¶ 41.)

As a result of her investment, Plaintiff has lost most of her life's savings and owes significant taxes for converting her retirement accounts, which has put her ownership and possession of her home at risk. (*Id.* ¶ 42.) Plaintiff brings claims for constructive fraud, unjust enrichment, negligent misrepresentation, and fraud. (*Id.* ¶¶ 45-79.)

**ANALYSIS**

A.   **Applicable Legal Standard.**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the Court "acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In this context, a prima facie showing means that the plaintiff has produced sufficient admissible evidence, that if believed, would establish personal jurisdiction. *China Tech. Global Corp. v. Fuller, Tubb, Pomeroy & Stokes,* No. 05-CV-1793-JW, 2005 WL 1513153, at *1 (N.D. Cal. June 27, 2005) (citations omitted). The Ninth Circuit has also held that a district court shall accept as true uncontroverted allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 608 (9th Cir. 2010); *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990). In doing so however, the court need not assume the truth of mere conclusory allegations. *China Tech. Global Corp.,* 2005 WL 1513153, at *1 (citing *Nicosia v. De Rooy,* 72 F.Supp.2d 1093, 1097 (N.D. Cal. 1999)).

Personal jurisdiction may be either general or specific. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945) (further holding that the maintenance of an action in the forum must not offend traditional conceptions of fair play and substantial justice). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### B. The Court Lacks General Jurisdiction Over Broberg.

The standard for establishing general jurisdiction is "exacting" and requires that the defendant's contacts be "'so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

The "paradigm" for general jurisdiction over an individual is "the individual's domicile." *Goodyear Dunlop Tires Oper. v. Brown*, 564 U.S. 915, 919 (2011). In rare cases, courts have exercised general jurisdiction over an individual when the individual's contacts with a forum are so substantial that "the defendant can be deemed to be 'present' in that forum for all purposes" so that exercising general jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). An individual's frequent visits to a forum, or even his owning property in a forum, do not, alone, justify the exercise of general jurisdiction over him. *See Span Const. & Eng'g, Inc. v. Stephens*, No. CIVF 06-0286 AWIDLB, 2006 WL 1883391, at *5 (E.D. Cal. July 7, 2006).

Broberg argues the Court lacks general jurisdiction over him because he lacks continuous and systematic contacts with California. Broberg is a resident of Utah and is not registered to do business in California. (Compl. ¶ 8; *see also* Dkt. No. 14-2, Declaration of Mark Broberg ("Broberg Decl.") ¶ 2.) He does not pay taxes in California, maintain bank accounts in California, or advertise in California. (Broberg Decl. ¶¶ 2-5.) Page does not respond to Broberg's general jurisdiction arguments. The Court construes Page's silence in opposition as a concession that she cannot meet the burden to establish general jurisdiction over Broberg. Thus, the Court concludes it lacks general jurisdiction over Broberg.

### C. The Court Has Specific Jurisdiction Over Broberg.

Page asserts the Court may exercise specific personal jurisdiction over Broberg. Establishing specific jurisdiction requires that: (1) the non-resident defendant purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum,

4

thereby invoking the benefits and protections of its laws; (2) the claim be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. In analyzing whether the assertion of specific jurisdiction over a given defendant would be justified, the plaintiff has the burden of satisfying the first two prongs of the test. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir.2011). If the plaintiff does so, the burden then shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

### 1. Purposeful direction

The first prong refers to methods of purposeful availment and purposeful direction. A court typically applies a "purposeful availment" analysis in cases of contract dispute, asking whether the defendant has "performed some kind of affirmative conduct which allows or promotes the transaction of business within the forum state." *Id.* at 1077 (citations omitted); *Schwarzenegger,* 374 F.3d at 802-03. For causes of action sounding in tort, like those in the instant case, the Court applies the purposeful direction test, rather than the purposeful availment test. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) ("Where, as here, a case sounds in tort, we employ the purposeful direction test."); *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) ("We generally apply the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct.").

The purposeful direction test, "often referred to as the 'effects' test, derives from *Calder v. Jones*, 465 U.S. 783 (1984)." *Axiom Foods*, 874 F.3d at 1069. To satisfy the *Calder* effects test, "[t]he defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (internal quotation marks omitted).

Under the first prong of the effects test, Page must show Broberg committed an intentional act. *Schwarzenegger*, 374 F.3d at 806. Broberg concedes that sending an email constitutes an intentional act under the effects test. In addition, Broberg traveled to California several times over

5

the past five years to teach the investment seminar and sent text messages to Page while she resided in California. (*See* Broberg Decl. ¶ 6; Page Decl. ¶¶ 3-4.) These are unquestionably intentional acts, so the first prong of the test is satisfied. *Axiom Foods*, 874 F.3d at 1069.

To satisfy the second prong, Page must demonstrate that Broberg "expressly aimed" his intentional acts at the forum. To meet the express aiming requirement, it is not enough that a defendant causes harm to a plaintiff while knowing that the plaintiff resides in the forum. *Walden v. Fiore*, 571 U.S. 277, 282, 290 (2014). The Supreme Court "made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods*, 874 F.3d at 1069 (citing *Walden*, 571 U.S. at 287). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. In *Walden*, the Supreme Court held that two factors are considered when evaluating the "expressly aimed" prong:

> (1) First, the relationship must arise out of contacts that the defendant himself creates with the forum State. ... Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated. (2) Second, our "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.

*Walden*, 571 U.S. at 284.

The Court finds Broberg's intentional acts were "expressly aimed" at California. Broberg himself created contacts with California. He taught an investment training seminar in California 15 times over 5 years, including the seminar in 2019 where he met Page. The record shows that Broberg specifically reached out to his California seminar students encouraging them to contact him for information about new investment opportunities. (Compl., Ex. 4.) Broberg also sent numerous emails and texts to Page while she was in California regarding the leveraged precious metals investment opportunity. (*See* Page Decl., Exs. 2-3.) Thus, Broberg's relationship with California arose out of contacts he himself made with the forum state and extended beyond contacts just with Page.

Broberg contends that "sending a few emails to Plaintiff can hardly be sufficiently

connected to California residents, much less to California itself, to justify personal jurisdiction." (Dkt. No. 14, Mot. at 12.) He asserts that Page is his sole connection to California, which is insufficient to establish specific jurisdiction over him in the forum. Broberg is correct that the Ninth Circuit has held that "while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *Axiom Foods*, 874 F.3d at 1070. However, as discussed, Page is not the sole link between Broberg and the forum, and Broberg's argument fails to account for his conduct, such as teaching seminars, which directly targeted the forum.

Thus, the Court concludes Broberg's contacts with California are not "random, fortuitous, or attenuated." *Morrill*, 873 F.3d at 1142. He expressly aimed his contacts at California by teaching numerous investment training seminars there, sending email communications targeted exclusively to his California students, offering his advice and expertise regarding investment opportunities, and sending numerous emails and texts to Page regarding the precious metals investment program, including referring her to his broker at Treasure Coast. Broberg's intentional communications with California residents, including Page, combined with his visits to California satisfy the express aiming requirement of the second prong of the *Calder* test. *Wang v. Kahn*, No. 20-cv-08033-LHK, 2022 WL 36105, at *18 (N.D. Cal. Jan. 4, 2022) (finding the defendant's communications with California residents and visits to California intentional acts expressly aimed at California).

The third prong of the *Calder* test requires showing "a jurisdictionally sufficient amount of harm is suffered in the forum state." *Yahoo! Inc.*, 433 F.3d at 1210. Page alleges that she would not have invested in Treasure Coast's precious metals investment program if not for Broberg's misrepresentations and omissions. She alleges that because of her investment, she has suffered damages including the loss of her life savings, large tax penalties, and the jeopardization of her home ownership, which is in California. Accordingly, Page has plausibly alleged that a jurisdictionally sufficient amount of harm was suffered in California. The Court concludes these allegations are sufficient to show Page suffered harm in California.

Thus, Plaintiff has satisfied the three prongs of the *Calder* test and has shown that Broberg

7

1  purposefully directed his activities at California.

### 2. Whether the claims arise out of forum-related activities

The second prong of the specific jurisdiction test requires that the plaintiff's claims arise out of defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 802. To determine whether the plaintiff's claims arise out of the defendant's forum-related activities, courts use a traditional "but for" causation analysis. *Bancroft*, 223 F.3d at 1088.

Broberg did not expressly address this prong of the analysis in his motion nor does he respond to Page's arguments regarding this prong in reply.

The Court finds Page's claims arise from Broberg's forum-related activities. As discussed above, Broberg taught an investment seminar in California. He communicated with his former California seminar students about investment opportunities, including the precious metal investment program. Broberg communicated with Page via text and email about the Treasure Coast leveraged precious metals investment program. Page alleges that she relied on Broberg's investment advice in deciding to invest with Treasure Coast, and she attests that she would not have invested with Treasure Coast but for Broberg's advice. (*See* Compl. ¶¶ 68, 70; *see also* Page Decl. ¶ 12.) As alleged, Page's claims would not have arisen but for Broberg's conduct in the forum. Thus, Plaintiff's claims arise out and relate to Brobeg's intentional acts in the forum. *See Hodgson v. Roper*, No. 2:20-cv-00650-KJM-DB, 2020 WL 5039405, at *5 (E.D. Cal. Aug. 26, 2020) (finding fraud claims arose out the defendants' forum-related activities where the plaintiff alleged that he would not have invested in the defendants' venture but for the correspondence and alleged misrepresentations regarding the investment opportunity).

### 3. Whether the exercise of jurisdiction is reasonable

Because Page has shown that Broberg purposefully directed his activities toward California and that her claims arise from his California-related activities, the burden now shifts to Broberg to show why the exercise of jurisdiction would not be reasonable and fair. *Schwarzenegger*, 374 F.3d at 802. Generally, a defendant must "'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

1    In analyzing reasonableness, the Ninth Circuit considers seven factors: "(1) the extent of a
2    defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3)
3    the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in
4    adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the
5    importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the
6    existence of an alternative forum." *Id.* at 1323 (citing *Burger King*, 471 U.S. at 476-77).

7    Broberg does not expressly address the relevant factors, and thus has failed to make the
8    requisite showing of unreasonableness.  Although Broberg does not address them, the Court
9    briefly addresses each factor below.

### a. Purposeful injection

"The purposeful interjection factor in the reasonableness analysis is 'analogous to the purposeful direction' factor." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 984 (9th Cir. 2021). As discussed above, Broberg purposefully directed his actions toward California.  Broberg reiterates his unsuccessful arguments that he is not at home in California and did not expressly aim his actions at California.  The Court finds those arguments similarly unpersuasive here.  This factor weighs in favor of jurisdiction.

### b. Burden on defendant

The second factor, the burden on the defendant, addresses the logistical challenges for a defendant to litigate in the forum state.  "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003) (quoting *Asahi Metal Ind. v. Superior Court*, 480 U.S. 102, 114 (1987)).  However, "[m]odern means of communication and transportation have tended to diminish the burden of defense of a lawsuit in a distant forum." *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981).

Broberg contends the exercise of personal jurisdiction would be unreasonable because he is a resident of Utah, does not own property in California, and does not conduct business in California.  However, Broberg has not shown any specific logistical challenges related to litigating

9

in California. Although there will certainly be some inconvenience for Broberg in traveling from Utah to California, he has not established that the "inconvenience is so great as to constitute a deprivation of due process." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128-29 (9th Cir. 1995)). Indeed, Broberg himself attests that he has traveled to California with some regularity over the past five years. Additionally, the Ninth Circuit has noted "modern advances in communications and transportation have significantly reduced the burden of litigating in another [forum]." *See Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988). Finally, Broberg's counsel are in California, which eliminates the potential burdens on counsel were the Court to require them to litigate in a different state. This factor weighs in favor of jurisdiction.

### c. Conflict of sovereignty between Utah and California

The third factor, sovereignty, concerns the extent to which the district court's exercise of jurisdiction in California would conflict with the sovereignty of Utah, where Broberg is domiciled. Typically, this factor has more relevance where the defendant is a foreign national. *See, e.g., Sinatra*, 854 F.2d at 1199 (explaining that "litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist."). That is not the case here, and Broberg has not shown that the Court's exercise of jurisdiction in California would implicate the sovereignty concerns of Utah. This factor is neutral.

### d. California's interest

"California maintains a strong interest in providing an effective means of redress for its residents tortiously injured." *Gordy v. Daily News, L.P.,* 95 F.3d 829, 836 (9th Cir.1996) (citing *Sinatra,* 854 F.2d at 1200). Here, Plaintiff is a citizen of California. This factor weighs in favor of jurisdiction.

### e. Most efficient judicial resolution

This factor depends "primarily [on] where the witnesses and the evidence are likely to be located." *Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007). It is no longer weighed heavily given the modern advances in communication and transportation. *Caruth,* 59 F.3d at 129. Neither

10

party has addressed this factor, and the Court finds it is neutral.

    **f.**   **Convenience and effectiveness of relief**

The next factor requires the Court to consider "the plaintiff's interest in obtaining convenient and effective relief." *Ins. Co.*, 649 F.2d at 1273 (internal quotation marks omitted). However, the Ninth Circuit has cautioned that this factor should not weigh heavily in the Court's analysis. *See Harris Rutsky*, 328 F.3d at 1133. Page is a resident of California and chose to litigate here. Although given little weight, this factor favors of exercising jurisdiction.

    **g.**   **Existence of alternate forum**

The Ninth Circuit has held that "[w]hether another reasonable forum exists becomes an issue only when the forum state is shown to be unreasonable." *Ayla*, 11 F.4th at 984-85 (quoting *CollegeSource*, 653 F.3d at 1080 (citation omitted). Broberg has not made that showing here as four of the factors weigh in favor of jurisdiction and two are neutral.

Evaluating the factors, the Court concludes Broberg has failed to meet the burden to demonstrate that the exercise of jurisdiction would not be reasonable. The Court DENIES the motion to dismiss based on lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss pursuant to Federal Rule 12(b)(2).

**IT IS SO ORDERED.**

Dated: January 4, 2023

                        *Jeffrey S. White*
                       JEFFREY S. WHITE
                       United States District Judge